# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDRO VUKOSAVLJEVIC, | : | Civil No. 3:18-cv-1235 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CRAIG A. LOW, WARDEN, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Sandro Vukosavljevic ("Petitioner"), a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), presently confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging the constitutionality of his continued detention pending removal from the United States.

Pending is Petitioner's motion (Doc. 9) to expedite the adjudication of his petition, which will be granted and the Court will now consider the merits of the petition which is ripe for disposition. Following consideration of the relevant documents (Docs. 1, 2, 7, 8) the petition will be denied without prejudice.

I.   **Background of Immigration Proceedings**

Petitioner, a native and citizen of Bosnia-Herzegovina, was admitted to the United States at New York, New York on June 16, 1994, as a refugee. (Doc. 7-2, p. 5). His status was adjusted to lawful permanent resident on June 16, 1994. (Id.)

On October 2, 2015, he was conviction in the United States District Court for the District of Maine of two counts of Unlawful Use of a Communication Facility in violation of 21 U.S.C. §§ 843(b) and 843(d), and received a sentence of thirty months imprisonment. On November 27, 2017, following service of his sentence, ICE took him into custody pursuant to an October 10, 2017 Notice to Appear. (Doc. 7-2, p. 9). The Notice to Appear charged that Petitioner was subject to removal pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), as amended, based on a conviction of an aggravated felony as defined in Section 101(a)(43)(B) of the INA, an offense relating to the illicitly trafficking in a controlled substance, and section 237(a)(2)(B)(i) of the INA, in that after admission he was convicted of a violation of any law relating to a controlled substance. (Doc. 7-2, p. 5).

Petitioner challenged his removal on the grounds that his convictions under 21 U.S.C. §§ 843(b) and 843(d) were not drug offenses and did not constitute an aggravated felony or relate to a controlled substance. (Id. at 13). On January 25, 2018, the Immigration Judge ("IJ") found that the convictions constituted aggravated felonies and

related to a controlled substance and sustained both charges of removability under the INA provisions contained in the Notice to Appear. (Id. at 15).

Thereafter, Petitioner applied for asylum, withholding of removal, and protection from removal under the Convention Against Torture. The IJ denied the applications on June 6, 2018, and ordered him removed to Bosnia-Herzegovina. (Id. at 33). Petitioner timely appealed. (Id. at 34). Briefs were to be filed on or before August 23, 2018. (Id. at 35). Through counsel, Petitioner requested a thirty-day extension of time to file the brief. The appeal remains pending.

## II. <u>Discussion</u>

Petitioner is detained pursuant to 8 U.S.C. § 1226 which requires the Attorney General to detain any noncitizen who is inadmissible or deportable on criminal grounds. 8 U.S.C. § 1226. The custody provision relevant here provides that "[t]he Attorney General shall take into custody any alien who-- (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). The provision governing release states: "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with

3

such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled hearing." 8 U.S.C. § 1226(c)(2).

In the recent United States Supreme Court case of <u>Jennings v. Rodriguez</u>, —— U.S. ——, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. <u>Jennings</u>, 138 S.Ct. at 842. <u>Jennings</u> held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute. <u>Jennings</u>, 138 S.Ct. at 847. Specifically, "§ 1226(c) is not 'silent' as to the length of detention. It mandates detention 'pending a decision on whether the alien is to be removed from the United States' ... and it expressly prohibits release from that detention except for narrow, witness-protection purposes.... Indeed, we have held as much in connection with § 1226(c) itself. In <u>Demore v. Kim</u>, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in <u>Zadvydas</u> by pointing out that detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point'—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under § 1226(c)." <u>Jennings</u>, 138 S.Ct. at 846. Consequently, Petitioner is not entitled to a bond hearing pending removal proceedings.

4

However, "Jennings did not call into question [the] constitutional holding in Diop [v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long." Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018). It remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 474–75 (3d Cir. 2015); see also Diop, 656 F.3d at 232, 234. The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." Dryden v. Green, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); see also Demore, 538 U.S. at 432; Chavez-Alvarez, 783 F.3d at 474.

Based on this constitutional framework, following Jennings, district courts in this circuit have largely found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. Dryden, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); Fernandez v. Lowe, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen months not unconstitutional given regular progression of proceedings); Carlos A. v.

5

Green, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over thirteen months not unconstitutional). Significantly longer periods of detention, however, have been found to be so prolonged as to be an arbitrary, and thus unconstitutional, application of § 1226(c) absent a bond hearing. See, e.g., K.A. v. Green, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing); Vega v. Doll, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (finding detention for twenty-one months has become so prolonged that it has become arbitrary and unreasonable in this particular case such that petitioner is entitled to an individualized bond hearing); Destine v. Doll, No. 3:17-CV-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (same).

In this case, Petitioner has been subject to mandatory detention for just over a year. During that time period, Petitioner's case has proceeded at a reasonable pace. Significantly, the appeal of the denial of his asylum and withholding of removal claims and his request for protection under the Convention Against Torture, has only been before the Board of Immigration Appeals for just over four months. Given the relatively brief period of detention Petitioner has faced thus far, and considering that his case has been proceeding with regularity through the immigration courts, this Court finds that his detention pursuant to § 1226(c) has not yet become so prolonged that it amounts to an

arbitrary application of the statute. See Dryden, 321 F. Supp. 3d at 502–03. Petitioner's detention thus remains constitutionally permissible and his habeas petition will be denied without prejudice.

### III. Conclusion

For the above stated reasons, the motion (Doc. 9) to expedite will be granted. The petition pursuant to 28 U.S.C. § 2241 petition will be denied without prejudice to Petitioner filing another petition if his detention becomes arbitrary or unreasonable.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

**Dated:** December 20, 2018